UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP D. COLLINS,

    Plaintiff,

v.                                                                                 CASE NO: 8:15-cv-1523-T-26EAJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss (Dkt. 8), together with the supporting Declarations of Conny Beatty and Mimi Crescenzi (Dkts. 9 & 10), and Plaintiff's Response (Dkt. 11). After careful consideration of the allegations of the Complaint (Dkt. 1), the submissions of the parties, and the applicable law, the Court concludes that the motion should be denied.

In this negligence action filed pursuant to the Federal Tort Claims Act (the FTCA) for the recovery of damages for personal injuries allegedly sustained in a slip and fall in January 2013 in a United States Post Office in Pasco County, Florida, Defendant takes issue with Plaintiff's allegation that "on May 20, 2014, Plaintiff filed a claim based on the allegations in this complaint for the amount of $500,000.00 to the Office of General

Counsel, Administrative Office of the United States Courts."[1] Defendant asserts that it never received an administrative claim for this incident because Plaintiff, as confirmed by the face of the complaint, filed the claim with the wrong governmental entity. Given this mistake, Defendant contends this Court has no subject matter jurisdiction, citing Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).[2]

The FTCA requires that the claimant must first file an administrative claim with the appropriate agency in writing and within two years after the claim accrues. Motta v. United States, 717 F.3d 840, 844 (11th Cir. 2013) (quoting 28 U.S.C. § 2401(b)). "A claim is deemed presented when the federal agency receives the claimant's SF-95 'or other written notification of [the] incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.'" Id. (quoting 28 C.F.R. § 14.2(a)). In the event the claim is presented to any other federal agency, as is the case here, one of two things must happen: (1) the agency that received the claim must transfer it forthwith to the appropriate agency if such agency can be ascertained from the claim and the claimant must be advised of the transfer; or (2) if transfer is not feasible, the claim must be returned to the claimant. Id. (citing 28 C.F.R. § 14.2(b)(1)). This situation described in § 14.2(b)(1) is considered

---

[1] See docket 1, para. 4.

[2] "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a)." Suarez, 22 F.3d at 1065.

constructive filing, which the Eleventh Circuit has "never addressed" in its application to FTCA claims. Id. The Eleventh Circuit nevertheless acknowledged that their sister circuits have recognized the doctrine. See Hart v. Dep't of Labor ex rel. United States, 116 F.3d 1338 (10th Cir. 1997); Greene v. United States, 872 F.2d 236 (8th Cir. 1989); Bukala v. United States, 854 F.2d 201 (7th Cir. 1988).

There is no question that the Plaintiff sent the form, SF-95, to the wrong agency. The SF-95, or Standard Form 95, was sent to the Administrative Office of the United States Courts in Washington, D.C.[3] Plaintiff should have sent the SF-95 to Postal Service at the National Tort Center in St. Louis, Missouri.[4] The SF-95 was signed by the Plaintiff on May 9, 2014. It was stamped received on May 20, 2014, by the General Counsel's office of the Administrative Office of the Courts.[5] A fair reading of the SF-95 permitted the correct agency to be identified as the Postal Service, the incident having occurred at a post office.[6] Short of transferring the SF-95 to the Postal Service, it could have been returned to Plaintiff. Neither was done, because the Administrative Office has no

---

[3] See dockets 11-1 & 11-2.

[4] See docket 9, para. 2; docket 10, para. 3.

[5] The statute of limitations period would not have expired until January 4, 2015, over seven months after the SF-95 was received by the wrong agency.

[6] "On January 4, 2013, [Plaintiff] was a customer at the post office located at 5230 Land O' Lakes Blvd. in Land O' Lakes, Florida. During his visit he slipped on a rug that had been placed at the front entrance, causing him to fall." See docket 11-1.

documentation that it ever received the SF-95 from Plaintiff.[7]  Following the reasoning of Bukala and Greene, the Court finds that the claim was timely-filed based on the doctrine of constructive filing.

**ACCORDINGLY**, it is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 8) is **DENIED**.  Defendant shall file its answer and defenses to the complaint within **ten (10) days**.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2015.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[7]  That Plaintiff sent a letter to the particular Post Office where the incident occurred does not comply with the FTCA.  The letter did not contain a sum certain for his injury. See docket 9-1 (letter dated January 23, 2013, stating that Plaintiff was involved in an accident in the building and "requesting that all information pertaining to the accident . . . be preserved.").